1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

EDWARD T. GRAHAM,

9

Plaintiff,

10

CASE NO. C05-1810JLR

v.

11

MINUTE ORDER

CINGULAR WIRELESS LLC,

12

Defendant.

13

14

        The following minute order is made by the direction of the court, the Honorable

15

James L. Robart:

16

17

        The court has received the parties' proposed stipulated protective order (Dkt.

18

# 41).  For the reasons stated below, the court DENIES the order.

19

        Litigants often enter agreements regarding the confidentiality of documents they

20

exchange during discovery.  The court encourages such agreements, as they are often

21

helpful in conducting discovery efficiently and without the intervention of the court.  It is

22

another matter, however, to place the court's imprimatur on such an agreement.

23

        Fed. R. Civ. P. 26(c) governs the court's power to enter protective orders.  Rule

24

25

26(c) requires the moving party to show "good cause" before the court enters a protective

26

order.  A stipulated "blanket" protective order, like the one the parties propose here, is

27

insufficiently specific to permit the court to determine if any party has met the

28

requirements of Rule 26(c).  It also places discretion with the parties, rather than with the

MINUTE ORDER – 1

1  court.  In addition, such "blanket" orders often exceed the scope of Rule 26(c).  Again,

2  the court encourages the parties to arrive at their own agreements for the exchange of

3  discovery.[1]  It merely declines to convert such agreements into an order of the court.

4      In addition, the parties' proposed protective order would improperly permit them

5  to seal documents that they file with this court.  As stated in Local Rules W.D. Wash. CR

6  5(g), "[t]here is a strong presumption of public access to the court's files and records

7  which may be overcome only on a compelling showing that the public's right of access is

8  outweighed by the interests of the public and the parties in protecting files, records, or

9  documents from public view."  Local Rule 5(g) sets forth the procedure for filing a

10  motion to seal documents filed with the court.  This procedure is the sole means by which

11  a party may seal a document in a civil case before this court.  A party may not seal a

12  document without concurrently filing a motion to seal the document.[2]  The proposed

13  protective order before the court would permit the parties to seal documents without

14  meeting the requirements of Local Rule 5(g).  It is therefore improper.

15      Filed and entered this 19th day of June, 2006.

16

17                                    BRUCE RIFKIN, Clerk

18                                          s/Mary Duett
                                      By
19                                        Deputy Clerk

20

21

22

23

24

25      [1]In the absence of such an agreement, it may be necessary during the course of litigation to
    move for a contested protective order.  When the court reviews such a motion, it will consider the
26  reasonableness of a party's refusal to enter into an agreement when it determines whether to
    award attorneys' fees and sanctions under Fed. R. Civ. P. 37(a)(4).
27

28      [2]When using the Western District of Washington's electronic filing system ("CM-ECF"), a
    party may unilaterally seal a document while awaiting the court's ruling on a motion to seal it.

MINUTE ORDER – 2